IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATALIA LOPATINA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. CBD-09-2852 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION REGARDING
## DEFENDANT'S REQUEST TO LIMIT PLAINTIFF'S DAMAGES

At trial Defendant United States of America asked the Court to find Plaintiff Natalia Lopatina's damages limited by law to the damages that she sought in her administrative claim filed with the United States Postal Service ("USPS"). The Court requested the parties to brief the Court on the issue, and the Court reviewed the memoranda and applicable law. On December 9, 2011, the Court ruled from the bench in favor of the Plaintiff, finding that she was not limited in this trial to receiving judgment up to the amount sought in her administrative claim. The Court provides this Memorandum Opinion to the parties to explain its ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2007, a USPS truck hit Plaintiff while she was riding her bicycle. On March 14, 2008, Plaintiff filed a Standard Form 95 with USPS District Counsel detailing her claim for injuries and damages totaling $75,750. Def.'s Trial Ex. 9 at US000071, Joint Pretrial Order Agreed Stipulation 5 (ECF No. 40). On July 17, 2008, one of Plaintiff's doctors, Richard Meyer, M.D., noted that her MRI "show[ed] mild leading edge supraspinatus tendinosis of the left shoulder." Def.'s Trial Ex. 14 at PGSS000016. He referred her to Benjamin Shaffer, M.D., "a nationally known shoulder expert." *Id*.

1

On October 16, 2008, Dr. Shaffer "advocated that [Plaintiff] consider arthroscopic evaluation with definitive treatment rendered at the time of the surgery which might include repair of a labral injury." Def.'s Trial Ex. 11 at NL000109. Thereafter, on April 24, 2009, Dr. Shaffer noted that Plaintiff was "the perfect candidate for a diagnostic and probable operative arthroscopic evaluation with possible labral repair." Def.'s Trial Ex. 11 at NL000112. He further noted, "[p]ostoperative rehab, convalescence and duration depend on findings at the time." *Id*. Before Plaintiff underwent surgery, on May 21, 2009, USPS denied Plaintiff's administrative claim. Pl.'s Br. Ex. 1 (ECF No. 47).

On July 1, 2009, Dr. Shaffer performed surgery on Plaintiff's shoulder. Pl.'s Trial Ex. 5(H) at 13. During surgery, Dr. Shaffer found that

> she had partial tearing of the rotator cuff, specifically the supraspinatus at the site which had been identified in the MRI, and it was consistent with her physical findings. And she had fraying of a ligament that was in immediate proximity to the rotator cuff tendon of the supraspinatus and relative narrowing of the space in which the supraspinatus tendon underwent normal excursion.

Deposition of B. Shaffer 29-30 (Nov. 7, 2011). Dr. Shaffer noted in his deposition that the "O'Brien's sign which [Dr. Shaffer noted on October 16, 2008 and] is thought to reflect labral problems . . . proved to be inaccurate because there was no labral tear at the time of surgery. *Id*. at 45-53. He also testified that although his preoperative diagnosis was labral tear, his postoperative diagnosis was subacromial impingement, left shoulder. *Id*. at 79. *See also id*. at 84-85, 88 (Dr. Shaffer was "looking for a SLAP tear," but found that "[t]here was no evidence of a SLAP tear" and there was "fraying of the lateral margin of the bursal-sided cuff consistent with partial tearing"). Dr. Shaffer further averred that "[i]t was the diagnostic arthroscopy that really led to the conclusion as to her problem." *Id*. at 113.

On July 30, 2010, Dr. Shaffer saw Plaintiff again and noted in his treatment notes that her

2

> symptoms have evolved in a way that clearly reflects a primary
> cervical problem and we are going to get an MRI to confirm this
> probability. It is quite possible that if it is negative that we are
> dealing with a whiplash syndrome and chronic pain and may need
> to get a physiatrist involved.

Pl.'s Trial Ex. 5(H) at 21.

Although on December 23, 2008, "Plaintiff sent a supplemented list of damages to the United States Postal Service," including bills from Dr. Shaffer, Plaintiff never provided to USPS a new demand, including expenses incurred after her surgery with Dr. Shaffer. Joint Pretrial Order Agreed Stipulation 6; Def.'s Br. ¶ 5.

## **DISCUSSION**

Defendant argued in its trial brief that under 28 U.S.C. § 2675, because Plaintiff "never increased her demand [in her administrative claim], she is now barred from recovering [at trial damages] in excess of $75,750," her original demand. Def.'s Br. 1. In response, in her trial brief Plaintiff argued that she could seek damages greater than $75,750 under the "newly discovered evidence" exception provided in this section of the U.S. Code. Pl.'s Br. 2-3. The Court agrees with Plaintiff.

Section 2675 states,

> (a) An action shall not be instituted upon a claim against the
> United States for money damages for . . . personal injury . . .
> caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of his
> office or employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing . . . .
>
> (b) Action under this section shall not be instituted for any sum in
> excess of the amount of the claim presented to the federal agency,
> except where the increased amount is based upon newly
> discovered evidence not reasonably discoverable at the time of
> presenting the claim to the federal agency, or upon allegation and
> proof of intervening facts, relating to the amount of the claim.

3

28 U.S.C. § 2675 (2011). A claimant may amend her administrative claim under 32 C.F.R. § 750.28. *See* 32 C.F.R. § 750.28 (2011) ("A proper claim may be amended at any time prior to settlement, denial, or the filing of suit . . . . No finally denied claim for which reconsideration has not been requested under § 750.31 may be amended.").

Plaintiff bears the burden of proving that one of the exceptions in 28 U.S.C. § 2675(b) applies. *Chang-Williams v. United States*, No. DKC-10-0783, 2011 WL 2680714, *2 (D. Md. July 7, 2011) (citing *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990)). In determining whether a claimant has met her burden and, thus, is entitled to seek more damages in her civil case than those sought in her administrative claim, "the Fourth Circuit has adopted the approach more favorable to the injured party." *Murphy v. United States*, 833 F. Supp. 1199, 1203-04 (E.D. Va. 1993). The Fourth Circuit has held that if a claimant can show that her "prognosis and future disability could not have been discovered prior to" filing her amended claim with the federal government, then she can "recover damages in excess of [her] administrative claim" in her civil case. *Spivey*, 912 F.2d at 85.

In *Spivey*, for example, the court held that although the plaintiff's "[t]ardive dyskinesia [wa]s a known possible side effect of the medications which [plaintiff] began taking in the fall of 1985," the "evidence in the record . . . support[ed] the . . . finding that [plaintiff's] development of tardive dyskinesia could not have been discovered prior to the filing of the administrative claim" and her amendment of that claim. *Id*. at 85-86. The court, thus, affirmed the finding "that the occurrence of this side effect, after the administrative claim was submitted, was 'newly discovered' evidence within the meaning of § 2675(b)." *Id*. at 86. *See also Murphy*, 833 F. Supp. at 1204-05 (holding held that the claimant may increase her *ad damnum* because she "should not reasonably have been expected to know the severity and permanence of her seizure-

like disorder prior to the filing of her administrative complaint" when her doctor had not completed his diagnosis of the "true severity, consequences, and permanence of [her] seizure-like episodes"); *Nichols v. United States*, 147 F. Supp. 6, 9 (E.D. Va. 1957) (noting in dicta that if plaintiff had proved that his heart attack was causally connected to the accident, it "would have been evidence not reasonably discoverable on the date stated or . . . an intervening fact," because it occurred after the filing of his claim with the federal government).

Consequently, the Fourth Circuit has also recognized that if a claimant <u>was</u> aware of her condition at the time that she filed her claim with the federal government, she cannot later seek to increase her *ad damnum* at trial beyond the amount that she sought in her administrative claim. For example, in *Kielwien v. United States*, 540 F.2d 676, 680-81 (4th Cir. 1976), the Fourth Circuit held that because "plaintiff had repeated medical advice on the extent of her injuries prior to the filing of her claim," she was not permitted to recover more at trial than she had requested in her administrative claim. The court noted, "The Federal Tort Claims Act is remedial and should be liberally construed to grant the relief contemplated by Congress; but, as the Court said in *Nichols* . . . , '[t]he statute, 28 U.S.C. § 2675(b), would be meaningless if claimants, after rejection of their claim, could institute actions for amounts in excess of the claim filed merely because they, or their attorneys, are of the opinion that the claim has a greater value' and that is about the extent of the proof of an 'intervening fact, relating to the amount of the claim' in this case." *Id*. at 681 (alteration in original) (quoting *Nichols*, 147 F. Supp. at 10). *See also Creech v. United States*, No. 7:06cv00279, 2007 WL 853768, *2 (W.D. Va. Mar. 16, 2007) (finding that because "there was evidence in the record at the time plaintiff's administrative claim was pending indicating that plaintiff may eventually need surgery to fully repair her rotator cuff," a later note by another doctor that the surgery will be "realized within the next five years,"

5

was "merely cumulative . . . and . . . insufficient to warrant allowing plaintiff to increase her *ad damnum*;" whereas because plaintiff's "radiculopathy was simply not diagnosed at the time the complaint was filed despite plaintiff and her physicians' best efforts to identify and treat her injuries . . . . , this injury clearly falls within the purview of *Murphy*, and constitutes 'newly discovered' evidence sufficient to warrant granting plaintiff's motion to amend to increase the *ad damnum*." (citations omitted)). *But see College v. United States*, 411 F. Supp. 738, 741-42 (D. Md. 1976) (In dismissing the case because plaintiff failed to include a sum certain of her damages in her administrative claim, the court stated in dicta that she could have included the costs of which she was aware at the time of filing her claim, and then later included the hospital charges that she had not yet received as "newly discovered evidence.").

At trial, Plaintiff sought damages for medical expenses incurred after USPS denied her administrative claim and for permanent injuries discovered by Dr. Shaffer as a result of her surgery and post-surgery treatment. Plaintiff is entitled to seek compensation for those damages under the "newly discovered evidence" exception in 28 U.S.C. § 2675. As noted in Dr. Shaffer's deposition testimony, which was admitted into evidence, Plaintiff was not aware of the final diagnoses of her injuries from the accident until after Dr. Shaffer performed surgery on her on July 1, 2009. Dr. Shaffer testified that the surgery indicated that the O'Brien's sign was "inaccurate because there was no labral tear at the time of surgery," and his postoperative diagnosis was subacromial impingement, left shoulder, not labral tear. Deposition of B. Shaffer 45-53, 79. Dr. Shaffer also specifically testified that "[i]t was the diagnostic arthroscopy that really led to the conclusion as to her problem." *Id.* at 113. Moreover, one year later, Dr. Shaffer noted that Plaintiff's symptoms had "evolved" and that Plaintiff may have a primary cervical problem or whiplash syndrome. Pl.'s Trial Ex. 5(H) at 21. Although Plaintiff was aware before

6

her administrative claim was decided that she might have to undergo surgery, she was not aware of the actual causes of her pain until after her claim was decided and she underwent the surgery and post-surgery treatment over the next years. Thus, the diagnoses, treatments of her newly diagnosed conditions, and damages related to these diagnoses are "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency;" and Plaintiff is not restricted at trial to seeking only $75,750, the damages sought in her administrative claim.

## **CONCLUSION**

Based on the foregoing, on December 9, 2011, the Court DENIED Defendant's request that Plaintiff be limited to recovering only the amount sought in her administrative claim, $75,750, at trial.


December 13, 2011               /s/
                                Charles B. Day
                                United States Magistrate Judge



CBD/mkh