**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NATALIA LOPATINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. CBD-09-2852** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION REGARDING
PLAINTIFF'S MOTION FOR COSTS AND INTEREST ON THE JUDGMENT**

Before this Court is Plaintiff's Motion for Costs and Interest on the Judgment (ECF No. 52) (the "Motion"). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS IN PART and DENIES IN PART the Motion with respect to costs and DENIES Plaintiff's Motion without prejudice with respect to post-judgment interest.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 30, 2007, a United States Postal Service truck hit Plaintiff while she was riding her bicycle. Plaintiff thereafter sued Defendant for negligence. *See* Compl. (ECF No. 1). On December 8 and 9, 2011, the Court held a bench trial, and on December 9, 2011, the Court entered a verdict in favor of Plaintiff in the amount of $176,132.00. The Court subsequently entered judgment and ordered that costs will be awarded in an amount to be determined by the Court. Order of Judgment (ECF No. 62).

**DISCUSSION**

Plaintiff seeks to recover costs of $5,834.72 and post-judgment interest. *See* Motion 1, Ex. 1 at 2. In response, Defendant argues that Plaintiff is only entitled to recover $1,017.60 in costs and opposes the award of post-judgment interest. *See* Def.'s Opp'n 1 (ECF No. 55). The Court will first address the issue of costs and then post-judgment interest.

**I.       Plaintiff is Entitled to Recover $1,840.75 in Costs.**

Under 28 U.S.C. § 2412, a prevailing party in a suit against the United States may recover its costs. 28 U.S.C. § 2412 ("a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States"). Section 1920 lists the types of costs that a party may recover:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The United States District Court for the District of Maryland has also published Guidelines for Bills of Costs (the "Guidelines"). *See* Guidelines (Aug. 2011), http://www.mdd.uscourts.gov/publications/forms/BillofCostsGuidelines.pdf. This Court has

2

relied on these Guidelines in determining costs.  *See, e.g.*, *Shlikas v. Sallie Mae, Inc.*, No. 06-2106, 2011 WL 5825660, *2-3 (D. Md. Nov. 16, 2011).

Plaintiff seeks reimbursement of the following costs:

| Cost Description | Cost |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of summons and subpoena | $399.10 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $1,606.31 |
| Fees for witnesses | $54.10 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $131.44 |
| Other Costs | $3,293.77 |
| **Total** | **$5,834.72** |

Plaintiff itemizes the "Other Costs" as follows:

| Cost Description | Cost |
|---|---|
| Medical records | $60.00 |
| Certified mail fees | $12.20 |
| Expert fees (Dr. Benjamin Shaffer) | $3,000.00 |
| Exhibit binders | $188.85 |
| FedEx fee | $32.72 |
| **Total** | **$3,293.77** |

Defendant disputes that Plaintiff is entitled to most of these categories of costs.  In fact, the only category of costs that Defendant does not dispute is the filing fee, which was $350.00. *See* Def.'s Opp'n 10.  The Court agrees that Plaintiff is entitled to recover this cost.

The Court will address below the disputed categories, as numbered in Exhibit 1 to Defendant's Opposition.

A. Medical Records – Categories 1, 3

Plaintiff has sought reimbursement of $60.00 in costs allegedly incurred in obtaining Plaintiff's medical records.  *See* Motion Ex. 1 at 6.  Defendant argues that these costs are not taxable because (1) they "do not fall within one of the categories of taxable expenses set forth in Section II(H)(1)" of the Guidelines;" (2) "the records were obtained for discovery purposes and for counsel's use;" and (3) Plaintiff does not provide "what documents were copied, the number of pages, the number of copies, the rate per page, and the total cost."  Def.'s Opp'n 4.  Plaintiff argues that these costs are taxable because they were later used as exhibits that were "produce[d] . . . for the Court."  Pl.'s Reply 3 (ECF No. 57).

The costs that Plaintiff incurred in obtaining Plaintiff's medical records are not taxable. The Guidelines only allow reimbursement of the following copy costs:

> a. Copies directed by the Court
> . . . .
> b. Exhibits that are conventionally filed with the Clerk
> . . . .
> c. Any courtesy copies required to be provided to the presiding judge under the Court's Civil Procedure Manual
> . . . .
> d. Documents that cannot be filed in CM/ECF that were required to be served on the opposing party
> . . . .
> e. Documents that were required to be served on the opposing party and were conventionally served on an opposing party because the party did not have a CM/ECF account.

*See* Guidelines 8-9.  Plaintiff's medical records costs do not fit into any of these categories.

Plaintiff may have ultimately made copies of these documents to use them as trial exhibits; but

that does not render reimbursable the original fee incurred to obtain the records.  Plaintiffs may

not collect this $60.00.[1]

      B. <u>Mailing Costs – Categories 2, 6, 7, 10, 13, 20, 21, 22, 24, 27, 28</u>

      Plaintiff seeks reimbursement for certified mail fees, a "Fedex fee," and "[c]opies &

postage."  *See* Motion Ex. 1 at 6-9.  Plaintiff provides that she incurred $12.20 in certified mail

fees "in order to comply with the Federal Tort Claim Act's notice requirements," as well as

$32.72 in "Fedex fee[s]" incurred in "send[ing] an exhibit binder to the government to comply

with court rules."  *See id*.  The Guidelines provide that "[f]ees for postage, delivery (including

overnight and courier services)" are "generally" not taxable.  Guidelines 12.  The Court finds no

reason to tax those costs here, and so Plaintiff cannot recover her certified mail and FedEx costs

(categories 2, 13, and 28).

      Plaintiff also cannot recover the "[c]opies and postage" costs in categories 6, 7, 10, 20,

21, 22, 24, and 27 because Plaintiff did not provide receipts for these costs.  The Court cannot

determine how much Plaintiff spent on copies as opposed to postage, and whether either portion

is reimbursable.  *See* Guidelines 4 ("Prevailing parties are responsible for providing the required

documentation to support their Bills of Costs, including clearly demonstrating how the

documents support each item); and 9 (describing the invoice or bill that must be attached to a

request for copy costs).

---

[1] The Court notes that Plaintiff filed documents in support of these costs without redacting
Plaintiff's social security number and date of birth.  This filing violates Rule 5.2 of the Federal
Rules of Civil Procedure.

C.  Process Server Costs – Categories 8, 9, 11

Plaintiff seeks reimbursement for $255.00 in costs for serving "3 entities in order to comply with the legal service requirements."  *See* Motion Ex. 1 at 6-7; Reply 3.  The Guidelines allow a party to collect "[r]easonable costs paid to private process servers when service by the Marshal is prohibited by Local Rule 103.2."  Guidelines 4.  Defendant argues that Plaintiff cannot recover these costs because she "merely needed to send copies of the summons and complaint to the U.S. Attorney and Attorney General by registered or certified mail" pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.  Def.'s Opp'n 6 (emphasis omitted).  Defendant further argues that Plaintiff cannot recover $15.00 of the charges for "courier service," because such costs are not taxable.  *Id.* at 7.

To serve the United States, Rule 4(i)(1) provides that Plaintiff was required to either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(1)(A).  In this case, Plaintiff chose to serve the United States by personal service.  Given that Plaintiff had a choice to do so under the Federal Rules, Plaintiff can be reimbursed for that cost.

However, Plaintiff may not recover all of her service costs.  Although Plaintiff sued the United States, she served the United States Postal Service, Attorney General, and United States Attorney for the District of Maryland.  *See* Compl. 1; Summons and Affidavits of Service (ECF No. 3).  Plaintiff does not provide any rationale for why she served all of these entities.  *See* Pl.'s Reply 3.  Thus, the Court will only tax costs for personal service of one of these three entities – $120.00 for service on the United States Attorney for the district where the action was brought.

D. Copy Costs – Categories 4, 12, 18

Plaintiff seeks reimbursement for "[c]opy costs" of $32.50 incurred at an unknown location and "[c]opy [c]osts" of $5.00 incurred at the Library of Congress.  Motion Ex. 1 at 6, 7, 8.  As noted above, copy costs are only taxable if the copies are made for specific purposes.  *See* Guidelines 8-9; Section I(A), supra.  The party must also provide the Court with supporting documentation showing specific information described in the Guidelines.  *See* Guidelines 8-9. Because Plaintiff did not provide this information for the $32.50 in copy costs and did not describe what documents she copied and why, these costs are not taxable.  Plaintiff merely states, "We charge .25 cents a page to copy documents needed for the case.  These copies were needed to comply with all litigation requirements."  Motion Ex. 1 at 8.  This statement is insufficient.

The $5.00 that Plaintiff allegedly incurred in "[c]opy [c]osts" at the Library of Congress is also not taxable.  Plaintiff does not assert that she made these copies for any of the reasons that would render the copy costs taxable under the Guidelines.  Plaintiff instead provides that she incurred these costs in performing legal research.  Motion Ex. 1 at 6, 7.  Legal research costs are not taxable.  *See* Guidelines 12.

E. Costs of Depositions – Categories 14, 15, 19, 29

Plaintiff seeks reimbursement for the costs of Defendant's depositions of Dr. Meyer and Plaintiff ($601.36); the cost of Dr. Shaffer's *de bene esse* deposition ($939.95); and the cost of obtaining extra copies of the DVD of Plaintiff's deposition of Dr. Shaffer ($75.00).  Motion Ex. 1 at 7, 8, 9.  Transcripts "procured at the direction of the Court," transcripts of depositions of parties, transcripts of individuals who testified at trial, and transcripts admitted into evidence or used at trial to impeach witnesses are taxable.  Guidelines 5.  Additionally, "[e]lectronic media depositions used at trial, such as a videotape, DVD, or audio recording" are taxable; however,

7

generally a party may not collect costs of the electronic recording and the printed transcript unless both were necessary.  Guidelines 5-6.  As elsewhere in the Guidelines, "[c]ourt reporter postage or delivery charges for a transcript" are not taxable.  *Id*. at 6.

In this case, Plaintiff is a party and testified at trial, thus the costs of her deposition are taxable per the Guidelines.  Plaintiff's receipt shows that her deposition transcript cost $300.80.  Def.'s Reply Ex. 1 at 3.  She may recover this amount.  The shipping and handling and "mini transcript w/disk" are not taxable.

At trial, Plaintiff played the deposition of Dr. Shaffer, and the Court requested a copy of the transcript of the deposition, thus both of those costs are taxable.  Plaintiff's receipt reflects that she paid $511.20 for Dr. Shaffer's deposition transcript and $413.75 for videotaping services of that deposition.  *Id*. at Ex. 1 at 1.  Plaintiff cannot recover the $75.00 cost of the extra DVDs of Dr. Shaffer's testimony.  *See* Motion Ex. 1 at 28.  It would be unfair for Defendant to pay for a vendor's mistake.  Plaintiff also cannot collect $15.00 for "Handling/Courier Delivery."  *See* Guidelines 12.  Thus, Plaintiffs may only collect $924.95 in costs for the deposition of Dr. Shaffer.

Mr. Meyer did not testify at trial, he is not a party to this case, his deposition was not played at trial, and his deposition transcript was not admitted into evidence.  Plaintiff has not provided evidence that his deposition falls within the categories of taxable deposition transcripts under the Guidelines.  Thus, Dr. Meyer's deposition costs (category 14) are not taxable.

F. Expert and Lay Witness Fees – Categories 16, 23, 30

Plaintiff originally sought reimbursement for $3,000 in "[e]xpert fees" and $54.10 in witness fees. *See* Motion Ex. 1 at 2, 7, 8, 9, 32.  In her Reply, Plaintiff "concedes that the statutory limit for witness fees is $40.00 per day . . . . Accordingly Plaintiff is entitled to $80.00 for her two witnesses: Dr. Shaffer and Mr. Paul Murphy." Pl.'s Reply 2 (citations omitted). Plaintiff is correct that the Guidelines do not allow reimbursement for "[f]ees paid to any witness, *including expert witnesses*, beyond the statutory daily attendance fee," which is equal to $40.00 per day of testimony.  Guidelines 7, 8.  Thus, Plaintiff is only entitled to receive $80.00 for the appearances of Dr. Shaffer and Mr. Murphy at trial.

Plaintiff cannot collect Mr. Murphy's mileage costs of $14.10.  *See* Motion Ex. 1 at 3. Plaintiff did not provide "the date(s) of travel and the applicable mileage rate," as required by the Guidelines to collect such costs.  Guidelines 7.

Defendant argues that Plaintiff's witness fees are not taxable because under 28 U.S.C. § 1825, "[i]n cases in which the United States is a party, any witness fees must be certified by a United States Magistrate Judge and paid by the United States Marshal."  Def.'s Opp'n 9.  Section 1825 states, "In any case in which the United States . . . is a party, the United States marshal for the district shall pay all fees of witnesses . . . in the proceedings before a United States magistrate judge, on the certificate of such magistrate judge."  Because the order accompanying this Memorandum Opinion certifies that Defendant must pay Plaintiff these witness fees, these fees are taxable. *Cf. Harmon v. United States*, No. 5:00-1072, 2005 WL 713326, *3 (S.D.W.Va. Mar. 28, 2005) (ordering Defendant to pay Plaintiff witness fees of $40.00 for the testimony of Plaintiff's expert).

G. Exhibits Costs – Categories 17, 25, 26

Plaintiff seeks reimbursement of $188.85 for "prepar[ing] exhibit binders for trial."  *See*

Motion Ex. 1 at 8, 9.  The Guidelines require that if a party seeks reimbursement of copy costs

incurred in providing their exhibits to the Court, the party seeking reimbursement must "[n]ote

the name of the exhibit, any associated docket number, and the date of filing," and provide an

invoice or bill that shows the documents copied, the number of pages copied, the number of

copies made, the per page rate, and the total cost.  Guidelines 9.  Plaintiff has provided receipts

that show purchases of binders and other materials.  *See* Motion Ex. 1 at 22, 25, 26.  However,

Plaintiff may only recover *copy costs* for exhibits filed with the Clerk, provided to the Court, and

provided to opposing counsel.  *See* Guidelines 8-9.  The receipts provided do not show that any

copies were made; thus, these costs are not taxable.

H. Subpoena Fee – Category 30

Plaintiff seeks reimbursement of $144.10 for "the total cost for service of a subpoena for

a Plaintiff witness."  Motion Ex. 1 at 9.  The receipt shows that the individual served was Mr.

Murphy.  Motion Ex. 1 at 32.  The Guidelines provide, "Generally, the Clerk will tax reasonable

service fees for . . . trial subpoenas for witnesses who actually testified at trial."  Guidelines 4.

Because Mr. Murphy testified at trial, Plaintiff may obtain reasonable service fees of $65.00.

*See* Motion Ex. 1 at 32.  Plaintiff may not be reimbursed for the "Courier Service," "Witness Fee

Check Tendered," and "Check Issue Fee" noted on her invoice.  *See id.*  Courier services are not

taxable, Guidelines 12, a witness fee of $40 has already been taxed above, *see* Section I(F), and a

"Check Issue Fee" is not taxable.

I. Total Costs Awarded

Given the rulings above, the Court awards Plaintiff the following:

| Cost Description | Costs Awarded |
|---|---|
| Filing Fee – Category 5 | $350.00 |
| Medical Records – Categories 1, 3 | $0.00 |
| Mailing Costs – Categories 2, 6, 7, 10, 13, 20, 21, 22, 24, 27, 28 | $0.00 |
| Process Server Costs – Categories 8, 9, 11 | $120.00 |
| Copy Costs – Categories 4, 12, 18 | $0.00 |
| Costs of Depositions – Categories 14, 15, 19, 29 | $1,225.75 |
| Expert and Lay Witness Fees – Categories 16, 23, 30 | $80.00 |
| Exhibits Costs – Categories 17, 25, 26 | $0.00 |
| Subpoena Fee – Category 30 | $65.00 |
| **Total** | **$1,840.75** |

## II.   **Plaintiff is Not Entitled to Post-Judgment Interest.**

In addition to seeking reimbursement of costs, Plaintiff seeks post-judgment interest. Motion 1, 2. As the Fourth Circuit recognized in *Starns v. United States*, 923 F.2d 34, 38 (4th Cir. 1991), 31 U.S.C. § 1304 provides that a party may receive post-judgment interest "when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Secretary of the Treasury through the day before the date of the mandate of affirmance," 31 U.S.C. § 1304(b)(1)(A). As a result, the *Starns* court reversed the district court's calculation of post-judgment interest from the date of judgment. *See Starns*, 923 F.2d at 36-37, 38. In this case,

judgment has been entered, but Plaintiff has not shown that she filed the transcript of the judgment with the Secretary of the Treasury.  Additionally, Defendant may still file an appeal. Thus, Plaintiff's request for post-judgment interest is denied without prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion with respect to costs and DENIES Plaintiff's Motion without prejudice with respect to post-judgment interest.

April 16, 2012                                                 _____/s/_____
                                                              Charles B. Day
                                                              United States Magistrate Judge


CBD/mkh